**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Walton,<br><br>    Plaintiff,<br><br>v.<br><br>GEICO Casualty Company, *et al.*,<br><br>    Defendants. | No. CV-19-05555-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff's Motion to Remand (Doc. 9, Mot.), to which Defendant GEICO Casualty Company ("GEICO") filed a Response (Doc. 10, Resp.) and Plaintiff filed a Reply (Doc. 12, Reply). For the reasons that follow, the Court grants Plaintiff's Motion and remands the case back to state court.

**I.  BACKGROUND**

Plaintiff had an automobile insurance policy with GEICO. After Plaintiff sustained damage to his car, GEICO recommended Plaintiff get the repairs done by Defendant Gerber Group, Inc. ("Gerber"), GEICO's preferred shop. (Doc. 1 Ex. A, Compl. ¶ 8.) Plaintiff alleges that both GEICO and Gerber guaranteed the work would be free from defects in materials and workmanship. (Compl. ¶ 9 & Ex. A.) Shortly after the repairs were done, Plaintiff states that while he was driving, the front wheel stopped responding and became detached from the vehicle. His car was towed from Sedona to Gerber's shop in Tempe, where it presently remains. Plaintiff asserts that despite its guarantee, GEICO has

tried to deny coverage for the repairs, and that Gerber is attempting to charge Plaintiff for the cost of towing after promising to tow the vehicle free of charge. (Compl. ¶¶ 24–26, 35.)

Plaintiff originally filed this case in Maricopa County Superior Court. (Mot. at 1.) He alleges claims of breach of contract and breach of the duty of good faith and fair dealing, and seeks a "just and reasonable amount" of actual damages, general damages, punitive damages, and attorneys' fees. (Compl. at 7, 8.) GEICO timely removed[1] the action under 28 U.S.C. § 1441, asserting diversity of citizenship as the basis for federal subject matter jurisdiction. (Doc. 1 ¶ 4.) Plaintiff then filed the present Motion to Remand.

## II. LEGAL STANDARD

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Supreme Court has concluded that, under § 1446(a), a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* "[D]iversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. & Servs of Md.*, 179 F.3d 754, 757 (9th Cir. 1999).

When a defendant's assertion of the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 135 S. Ct. at 554; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996) ("[T]he

---

[1] Gerber had not been served as of the date GEICO filed the notice of removal. Under the statute and the law of this circuit, a party not served need not join in the notice of removal. *See* 28 U.S.C. § 1446(b)(2)(A); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount.").

The Ninth Circuit has noted that the Supreme Court did not decide the procedure for each side to submit proof, leaving district courts to set such procedure. *See Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199–1200 (9th Cir. 2015) (citing *Dart Cherokee Basin*, 135 S. Ct. at 554). "[E]vidence may be direct or circumstantial," and "a damages assessment may require a chain of reasoning that includes assumptions." *Id.* at 1199. "When this is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* In making an amount in controversy determination, courts may consider, *inter alia*, evidence of jury awards or judgments in similarly situated cases, settlement letters, affidavits, and declarations. *See, e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 & n.4 (D. Ariz. 2003).

## III. ANALYSIS

The Court notes at the outset that GEICO's notice of removal conclusorily alleges only that "Plaintiff will seek an amount that exceeds the sum or value of $75,000." (Doc. 1 ¶ 4.) However, because evidence in the Response is treated as an amendment to the notice of removal, the Court will consider it in determining whether the requirements for diversity jurisdiction are satisfied.[2] *Cohn*, 281 F.3d at 840 n.1. GEICO argues that the types of damages sought (including contract, tort, and punitive damages, as well as attorneys' fees), together with Plaintiff's state court filings, settlement demand, and refusal to stipulate that damages are less than $75,000, make "clear that the Court has jurisdiction." (Resp. at 4.) The Court will address each proposed basis in turn.

---

[2] GEICO's notice of removal also failed to allege the citizenship of or even acknowledge the other Defendant, Gerber. This alone could be fatal to this Court's removal jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). However, GEICO did provide in the Response sufficient proof that Gerber is neither incorporated in Arizona nor has its principal place of business in Arizona. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

### A. Contract Damages

Plaintiff maintains that the underlying dispute—the breach of contract claim—concerns a "relatively small amount of money" which he is confident is less than $10,000. (Mot. at 3, 10.) Plaintiff alleges that the issue plaguing his car is a broken control arm, which was also what prompted Plaintiff's first repair job with Gerber. He attached to the Motion the invoice from Gerber for the first repair, which lists the cost of the control arm as $289.36. (Mot. Ex. C.) Plaintiff acknowledges there will be labor costs, as well. Plaintiff also got an estimate from his current insurance company, Metlife, which projected the total repair cost—including "additional damage as a result of the control arm failure"—to be $3,744. (Mot. at 3 & Ex. D.) Finally, Plaintiff asserts that Gerber refuses to turn over the car to Plaintiff until he pays the towing bill, which Plaintiff "has not seen, but was told at one time was $1,200." (Mot. at 3.)

GEICO's Response failed to contest or even discuss any of the above figures. Indeed, GEICO never provided any estimate of what it thinks Plaintiff's damages—contract or otherwise—might be. Yet, GEICO is in a better position to provide the estimate for the repair and towing, which is the heart of this dispute, as Gerber is its preferred shop and GEICO covered the first repair of Plaintiff's car. Accordingly, the Court will accept Plaintiff's figures and determines the contract damages are approximately $4,944 (the Metlife estimate plus the estimated towing cost).[3]

### B. Punitive Damages

Although punitive damages may be included in determining the amount in controversy, "the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy is met." *Burk v. Med. Savs. Ins. Co.* 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Defendant must present evidence that a punitive damages award will more likely than not thrust the total amount in controversy over the jurisdictional threshold of

---

[3] Even if the Court determined the contract claim amounted to just under $10,000 (the figure Plaintiff has consistently provided as the maximum), the Court is still persuaded for the reasons below that GEICO has not carried its burden in establishing an amount in controversy that exceeds $75,000.

$75,000. This is often done by comparisons to analogous cases that have returned verdicts of over $75,000 with punitive damages. *Id.*

Defendant has failed to produce a single fact or analogous case that may suggest a larger punitive damages award. In fact, it appears the only argument GEICO makes pertaining to punitive damages is that Plaintiff is seeking them. "Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages." *Id.* (quoting *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998)); *see also Dukes v. Twin City Fire Ins. Co.*, No. CV-09-2197-PHX-NVW, 2010 WL 94109, at *3 (D. Ariz. Jan. 6, 2010) ("Defendant has entirely failed to cite to and compare the facts of Plaintiff's case to other cases where bad faith or punitive damages have been awarded. Defendant therefore has not produced sufficient evidence, or any evidence, that punitive damages take the amount in controversy beyond $75,000.").

In light of the small contract damages the Court calculated above (whether $4,944 or just under $10,000), Defendant has failed to demonstrate a likelihood that a potential punitive damages award will increase the total damages to a sum greater than $75,000. *See Sec. Title Agency, Inc. v. Pope*, 200 P.3d 977, 1000 ¶ 103 (2008) ("[A]n award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety.")(quoting *State Farm Mut. Auto. Ins. Co v. Campbell*, 538 U.S. 408, 425 (2003)).

**C. Attorneys' Fees**

Attorneys' fees may be included in computing the amount in controversy where an underlying statute authorizes an award. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Arizona law authorizes a discretionary award of attorneys' fees in contract actions and for related bad faith claims. A.R.S. § 12-341.01; *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1142 (Ariz. 1982).

1    Like its approach to punitive damages, GEICO has produced nothing to support its
2 contention that attorneys' fees will push the amount in controversy over $75,000, including
3 no estimate of the number of hours counsel expects to spend on the case and nothing stating
4 counsel's hourly rate. Instead, GEICO notes only that a "reasonable estimate of fees that
5 are likely to be recovered may be used in determining the amount in controversy," without
6 ever speculating what that "reasonable estimate" may be. (Resp. at 4.) As with the contract
7 and punitive damages, the Court is unacceptably left guessing uncertainties. *See Dukes*,
8 2010 WL 94109, at *3. ("Defendant has presented no evidence of Plaintiff's current or
9 future amount of attorneys' fees. The extent of Defendant's argument is that '[a]ttorneys'
10 fees may well exceed the $75,000 jurisdictional limit.' Such a speculative and unsupported
11 statement does not sufficiently demonstrate a past or future amount of attorneys' fees in
12 controversy.").

### D. Settlement Offer & Refusal to Stipulate

Shortly after GEICO filed its notice of removal, Plaintiff's counsel sent GEICO's counsel an opening settlement demand of $70,000. (*See* Mot. Ex. A.) GEICO claims this reveals "the true expected litigation value is at least $70,000 plus the considerable costs for discovery and trial (which would no doubt exceed $5,000)." (Resp. at 3.) It argues that the settlement demand, in conjunction with Plaintiff's refusal to cap his damages at $75,000, is evidence that the requisite amount in controversy is met.

GEICO cites two cases in which the court denied remand when the plaintiff sent a settlement demand and refused to stipulate to a damages cap of $75,000. *See Yaralian v. Home Depot U.S.A., Inc.*, 2015 WL 8374911 (C.D. Cal. Dec. 9, 2015); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007). Plaintiff correctly observes a key distinguishing fact in those cases: the settlement demands were for more than $75,000, and the plaintiffs never lowered them below the jurisdictional thresholds. In *Yaralian*, the plaintiff made a pre-litigation settlement demand for $196,000, which he refused to reduce throughout litigation. 2015 WL 8374911, at *1. In *Babasa*, the settlement demand was for $9.5 million in a Class Action Fairness Act case, where the minimum amount in

controversy must be $5 million. 498 F.3d at 975. Finally, in *Cohn* (which GEICO does not cite but *Yaralian* does), the pre-litigation demand was for $100,000. Although the court noted the plaintiff "could have argued the demand was inflated and not an honest assessment of damages," he made no attempt to do so. 281 F.3d at 840.

Here, Plaintiff's settlement demand was and always has been for less than $75,000. This, together with Plaintiff's admission that he has "never believed or stated that this case qualifies for federal court jurisdiction regarding the amount in controversy," is quite different from the above cases. (Mot. at 10.) The Court is also persuaded by the argument that $70,000 as an *opening* bid—a figure often inflated for obvious strategic reasons—suggests that the amount in controversy does not exceed $75,000.

Finally, Plaintiff's refusal to stipulate to a damages cap of $75,000 is not dispositive of an amount in controversy exceeding that sum. *E.g.*, *Spaulding v. Honeywell Aerospace*, No. 16-CV-2338-HRH, 2016 WL 6892376, at *4 (D. Ariz. Nov. 23, 2016). Without more, Plaintiff's refusal does not rise to the level that would allow the Court to find jurisdiction. GEICO alternatively requests that in the event the Court orders remand, it also order that Plaintiff cannot request more than $75,000 due to his failure to stipulate to a damages cap. Defendant cites no authority for this proposition, and this exact request has been squarely rejected by this district in similar situations. *See Ritthaler v. IDS Prop. Cas. Ins. Co.*, No. CV-07-1233-PHX-DGC, 2007 WL 2081479, at *2 (D. Ariz. July 20, 2007); *Burk*, 348 F. Supp. 2d at 1070. ("The burden is on Defendant to prove the amount in controversy. Accordingly, Plaintiffs need not stipulate to limit their future remedies to prevent Defendant's removal to federal court.").

### E. State Court Filings

GEICO argues that Plaintiff's state court filings indicate Plaintiff seeks more than $75,000. Cases filed in Arizona state court are automatically submitted to compulsory arbitration if the monetary damages sought are below a particular jurisdictional threshold set by each county. Ariz. R. Civ. P. 72(b). In Maricopa County, that threshold is $50,000. Plaintiff filed a Certificate on Compulsory Arbitration in which he certified that the case

was *not* subject to compulsory arbitration. GEICO also points to Plaintiff's certification that the case be placed in Tier 2 of the state court's tiered system for discovery. Tier 2 certification "is applicable where a plaintiff is claiming more than $50,000 and less than $300,000 in damages." (Resp. at 2.)

These two filings do nothing more than show Plaintiff's claims are likely worth more than $50,000, which is still far short of the jurisdictional threshold. *See Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1010 (D. Ariz. 2012). The Court acknowledges that the $50,000 compulsory arbitration threshold excludes attorneys' fees. Ariz. R. Civ. P. 72(b)(2). However, as the Court explained above, GEICO presented no evidence or even a guess as to an amount of attorneys' fees. The Court will not speculate to fill this gap.

### F.    Plaintiff's Request for Attorneys' Fees

Plaintiff requests an award of attorneys' fees in connection with his Motion. Courts are permitted to require payment of "just costs and any actual expenses, including attorney fees," incurred as a result of an improper removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). When a court exercises this discretion, "its reasons for departing from the general rule should be faithful to the purposes of awarding fees" under the statute (i.e., avoiding unnecessary delays and wasting judicial resources). *See id.* at 140–41.

The Court, in its discretion, awards Plaintiff his attorneys' fees and costs incurred as a result of GEICO's improper removal. Contrary to GEICO's contention that it "utilized objectively reasonable figures to estimate the amount in controversy in this suit," (Resp. at 5), GEICO provided no estimate and made virtually no attempt to factually establish the underlying damages. Rather, it relied on conclusory statements and made arguments that have been repeatedly rejected by courts in this district.

In light of the small contractual damages at issue, the Court does not find GEICO's removal objectively reasonable. Accordingly, Plaintiff has 21 days from the date of this

Order to file its application demonstrating its entitlement to and reasonableness of its fees under LRCiv 54.2.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion to Remand (Doc. 9). The Clerk of Court is directed to remand this matter to Maricopa County Superior Court without delay.

**IT IS FURTHER ORDERED** that Plaintiff has 21 days from this Order to file its fee application in compliance with LRCiv 54.2.

Dated this 26th day of December, 2019.

Honorable John J. Tuchi
United States District Judge